**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **AMY E. DYER,** ) | **CASE NO. 1:15 CV 1449** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| **v.** ) | |
| ) | <u>**MEMORANDUM OF OPINION**</u> |
| **PARKER HANNIFIN,** ) | <u>**AND ORDER**</u> |
| ) | |
| **Defendant.** ) | |

*Pro se* Plaintiff Amy E. Dyer filed this action against Parker Hannifin. Her Complaint contains only two sentences. In its entirety, it states: "Upon receiving the dismissal file I can clearly see much oversight and false statements by the defendants [sic] responses. I would like a chance to seek council [sic] to prove my case." (Doc. No. 1 at 1). Plaintiff does not allege facts, does not suggest any legal claims she wants to assert, and does not specify the relief she seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v.*

*Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U .S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough fact to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009).

In this case, Plaintiff's pleading does not contain factual allegations or legal claims. Although *pro se* Complaints are not expected to meet the same stringent standards as those drafted by lawyers, at a minimum, the Complaint must give the Defendant fair notice of what the Plaintiff's claims are and the factual grounds upon which they rests. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Plaintiff has not submitted a

Complaint that meets the basic pleading requirements.

To the extent Plaintiff was not attempting to file a Complaint, but only wanted the Court to appoint counsel for her so that counsel could file a Complaint on her behalf, the Court cannot grant her request.  Plaintiff first must file a civil action with a Complaint that meets the basic notice pleading requirements.  A district court has the discretion to appoint counsel for an indigent civil litigant; however, that appointment is justified only by exceptional circumstances, such as the presence of facts and legal issues which are so novel or complex as to require the assistance of a trained practitioner.  *Leon v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir. 1987); *Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir.1993).  In order for the Court to make that determination, Plaintiff has to file a Complaint that contains facts and legal causes of action.  The Court does not appoint counsel to investigate whether Plaintiff has a viable cause of action.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed under 28 U.S.C. § 1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

      /s/Dan Aaron Polster 11/16/15
      DAN AARON POLSTER
      UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.